IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.

MICHAEL J. LONERGAN, individually
and as Personal Representative of the
ESTATE OF ELIZABETH M. LONERGAN,

    Plaintiff,

v.

DELTA AIR LINES, INC. and
G.A.T. AIRLINE GROUND SUPPORT, INC.,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, MICHAEL J. LONERGAN, individually and as Personal Representative of the ESTATE OF ELIZABETH M. LONERGAN, by and through his undersigned counsel, and hereby sues the Defendants, DELTA AIR LINES, INC. (hereinafter "DELTA") and G.A.T. AIRLINE GROUND SUPPORT, INC. (hereinafter "G.A.T."), and alleges as follows:

### INTRODUCTION

1.     This is a wrongful death action arising out of the negligence of DELTA and G.A.T. in failing to provide appropriate assistance to ELIZABETH M. LONERGAN in boarding a DELTA flight to New York from Sarasota Bradenton International Airport.

## PARTIES AND JURISDICTION

2. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the matter is between citizens of different states.

3. At the time of her death, ELIZABETH M. LONERGAN was a resident and citizen of Rockland County, New York.

4. At all times material hereto, Plaintiff, MICHAEL J. LONERGAN, individually and as Personal Representative of the Estate of ELIZABETH M. LONERGAN, was a resident and citizen of Rockland County, New York.

5. At all times material hereto, MICHAEL J. LONERGAN and ELIZABETH M. LONERGAN were husband and wife.

6. Plaintiff, MICHAEL J. LONERGAN, has been appointed as the Personal Representative for the ESTATE OF ELIZABETH M. LONERGAN, and is her sole statutory survivor.

7. At all times material hereto, Sarasota Bradenton International Airport was located within the jurisdictional limits of Sarasota County, the city of Sarasota and Manatee County, Florida.

8. At all times material hereto, Defendant, DELTA, was a Georgia corporation with its principal place of business in Atlanta, Georgia, authorized to do business in the State of Florida and conducting such business at Sarasota Bradenton International Airport as an airline transportation company and common carrier.

9. At all times material hereto, Defendant, G.A.T., was a Georgia corporation with its principal place of business in Peachtree City, Georgia, authorized to do business in the State of Florida and conducting such business at Sarasota Bradenton International Airport as a self-proclaimed preeminent supplier of aviation services to the airline industry, including baggage handling and engaging passengers with reduced mobility on and off aircrafts, including those owned and operated by Defendant, DELTA.

10. At all times material hereto, Defendant, DELTA, and Defendant, G.A.T., entered into a contract at Sarasota Bradenton International Airport, as common carriers to transport disabled passengers with reduced mobility on and off DELTA planes using wheel chairs, aisle chairs, and other assistive devices.

11. At all times material hereto, Defendant, DELTA, and Defendant, G.A.T., were engaged in a joint venture, a joint undertaking, a joint enterprise, a employer-employee relationship, or an agent-principal relationship for the common purpose of transporting disabled passengers with reduced mobility on and off DELTA planes for air travel and for the economic benefit of each of the defendants.

12. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2).

## FACTS GIVING RISE TO CAUSE OF ACTION

13. On June 22, 2020, ELIZABETH M. LONERGAN, then age 76, (hereinafter "Mrs. Lonergan') and her husband, MICHAEL J. LONERGAN (hereinafter "Mr. Lonergan") were ticketed passengers holding contracts for carriage

with DELTA for air transportation from Sarasota, Florida to Atlanta, Georgia on flight DL793.

14. On June 22, 2020, Mr. and Mrs. Lonergan were also ticketed passengers holding contracts for carriage with DELTA on a connecting flight from Atlanta, Georgia to Queens, New York (LaGuardia Airport) on flight DL1778.

15. Mrs. Lonergan suffered a prior stroke and as a result suffered from permanent injuries causing left sided weakness requiring the use of a cane (baseline) and wheelchair to ambulate.

16. Due to Mrs. Lonergan's physical impairments, she was an individual with disabilities.

17. Accordingly, Mr. and Mrs. Lonergan reserved wheelchair assistance through DELTA's disability services, seeking help from DELTA to transport her through the airport terminals, make connecting flights, and to assist with safely boarding and deplaning her flights.

18. In response to Mr. and Mrs. Lonergan's request, DELTA provided a wheelchair operator, who then assisted Mrs. Lonergan into the wheelchair and transported her to her departure gate.

19. Once at the gate, DELTA supplied a second person, hereinafter "John Doe," to assist Mrs. Lonergan onto her flight. John Doe assumed control of wheeling Mrs. Lonergan from the gate into the jet bridge connected to the aircraft, at which point they arrived at the aircraft door.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

20. At the aircraft door, an aisle chair and people wearing DELTA uniforms assisted John Doe with Mrs. Lonergan.

21. John Doe and the DELTA uniformed representatives assisted Mrs. Lonergan into an upright, standing position using her waist belt; the wheelchair was then pulled out from under her.

22. John Doe then positioned the aisle chair sideways and removed its armrests.

23. As they held onto Mrs. Lonergan's body, John Doe and DELTA employees assured Mr. Lonergan that they would complete the rest of the transfer and they assumed control of Mrs. Lonergan.

24. John Doe then attempted to reposition Mrs. Lonergan's feet so that she would face forward, but in the process, John Doe and the DELTA employees dropped Mrs. Lonergan to the floor causing her to land on the right side of her body.

25. The employees finally transitioned Mrs. Lonergan into the aisle chair and brought her to her designated seat.

26. Mr. and Mrs. Lonergan flew the first leg of their trip to Atlanta, Georgia, and then boarded their second flight to Queens, New York without further incident.

27. However, en route to New York, Mrs. Lonergan was in pain and discomfort and began exhibiting symptoms of distress, such as vomiting and uncontrollable shivering. When asked to provide a blanket for Mrs. Lonergan, DELTA refused.

28. Due to Mrs. Lonergan's progressively worsening condition, Mr. Lonergan requested an ambulance meet them upon arrival at LaGuardia Airport.

29. After landing at approximately 6:00 p.m., Mrs. Lonergan, experiencing right hip pain, was rushed to Elmhurst Hospital via ambulance. She was determined to have suffered a right hip fracture of the femoral neck as a result of the fall suffered at Sarasota Bradenton International Airport.

30. On June 24, 2020, Mrs. Lonergan underwent surgical repair for her hip fracture and became unstable during surgery, requiring intubation.

31. On June 26, 2020, Mrs. Lonergan died.

32. While the Plaintiff is not bringing a cause of action under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, *et seq.*, the ACAA does provide that air carriers are prohibited from discriminating against individuals with disabilities. Among other things, carriers are required to provide assistance requested by qualified individuals with a disability enplaning and deplaning. *See* 14 C.F.R. § 382.95, 14 C.F.R. § 382.111. Carriers must also provide training for all personnel involved in providing boarding and deplaning assistance consistent with procedures that safeguard the safety and dignity of passengers. *See* 14 C.F.R. § 382.141.

## COUNT I
## NEGLIGENCE OF DELTA AIR LINES, INC.

33. The allegations set forth in paragraphs 1 through 32 are incorporated in this Count by reference.

34. At all times material hereto, Defendant, DELTA, was under a duty to its passengers to operate, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind to its passengers while in the process of enplaning and deplaning. This duty included the duty to ensure that is passengers –both those with disabilities and those without disabilities –are able to safely enplane their aircraft.

35. As the operator of the flight, DELTA was responsible for the actions of their flight crew.

36. At all times material hereto, Defendant, DELTA, breached its duty to ELIZABETH M. LONERGAN by committing one or more of the following actions or omissions:

   a. Failed to comply with industry standards for the safe boarding of disabled passengers, such as MRS. LONERGAN;

   b. Failed to have in place and/or follow recognized safety procedures for transferring disabled passengers, such as MRS. LONERGAN, onto DELTA's aircraft;

   c. Failed to have in place and/or properly and adequately provide disability assistance to MRS. LONERGAN, an elderly, disabled woman, as requested and agreed to;

   d. Failed to have in place adequate safety protocols for safely transporting MRS. LONERGAN, an elderly, disabled woman, after she requested and was provided with disability assistance;

7

e. Negligently injured MRS. LONERGAN while transferring her;

f. Failed to have available and provide adequate and reasonable medical care aboard flight after MRS. LONERGAN began exhibiting symptoms consistent with a traumatic fall;

g. Failed to comply with existing policies and procedures for preventing personal injury to any disabled persons requesting assistance and agreed to;

h. Failed to comply with applicable state statutes, federal regulations, ordinances, rules and/or codes concerning the safety and assistance of disabled persons, such as MRS. LONERGAN;

i. Failed to proficiently train and/or supervise its employees, joint venturers, agents, and apparent agents, including John Doe and others involved, to ensure their compliance with existing policies and procedures as mentioned above to ensure the safe transportation of passengers, such as MRS. LONERGAN;

j. Failed to proficiently train and/or supervise its employees, joint venturers, agents, and apparent agents, including John Doe and others involved, to ensure their compliance with applicable state statutes, regulations, ordinances, rules and/or codes as mentioned above to ensure the safe transportation of passengers, such as MRS. LONERGAN; and

k. Other acts of negligence which discovery might reveal.

37. As a direct and proximate result of the negligence of Defendant, DELTA, ELIZABETH M. LONERGAN was dropped to the ground, fracturing her right femur causing her death, and the following damages have occurred:

   a. MR. LONERGAN lost the value of future support and services from the date of MRS. LONERGAN'S death;

   b. MR. LONERGAN lost the companionship of his wife, will suffer mental pain and suffering from the moment of her death, and will suffer such losses and damages for the rest of his life;

   c. The ESTATE OF ELIZABETH M. LONERGAN has incurred funeral and medical expenses; and

   d. The ESTATE OF ELIZABETH M. LONERGAN has lost the prospective net accumulations and other economic losses as discovery may reveal, which might reasonably had been expected, but for MRS. LONERGAN'S untimely death.

WHEREFORE, the Plaintiff, MICHAEL J. LONERGAN, individually and as Personal Representative of the ESTATE OF ELIZABETH M. LONERGAN, demands judgment for all damages allowed by law in excess of $75,000.00, against the DELTA, together with interest, costs, and any and all other relief this Court deems appropriate, and a trial by jury of all issues so triable as of right by a jury.

## COUNT II
## NEGLIGENCE OF G.A.T. AIRLINE GROUND SUPPORT, INC.

38. The allegations set forth in paragraphs 1 through 32 are incorporated in this Count by reference.

39. At all times material hereto, Defendant, G.A.T., was a corporation authorized and doing business at Sarasota Bradenton International Airport as a self-proclaimed preeminent supplier of aviation services to the airline industry, including baggage handling and engaging passengers with reduced mobility.

40. At all times material hereto, Defendant, G.A.T., controlled, or had the ability and right to control, the actions and inactions of its agents, apparent agents, and employees, including John Doe.

41. At all times material hereto, Defendant, G.A.T., owed a duty to exercise reasonable care to its consumers, including ELIZABETH M. LONERGAN, to ensure her safety when transporting a disabled passenger onto Defendant, DELTA's, aircraft.

42. At all times material hereto, Defendant, G.A.T., breached its duties to ELIZABETH M. LONERGAN by committing one or more of the following actions or omissions:

   a. Failed to comply with industry standards for the safe boarding of disabled passengers, such as MRS. LONERGAN;

   b. Failed to have in place and/or follow recognized safety procedures for transferring disabled passengers, such as MRS. LONERGAN, onto DELTA's aircraft;

c. Failed to have in place and/or properly and adequately provide disability assistance to MRS. LONERGAN, an elderly, disabled woman, as requested and agreed to;

d. Failed to have in place adequate safety protocols for safely transporting MRS. LONERGAN, an elderly, disabled woman, after she requested and was provided with disability assistance;

e. Negligently injured MRS. LONERGAN while transferring her;

f. Failed to comply with existing policies and procedures for preventing personal injury to any disabled persons requesting assistance and agreed to;

g. Failed to comply with applicable state statutes, federal regulations, ordinances, rules and/or codes concerning the safety and assistance of disabled persons, such as MRS. LONERGAN;

h. Failed to proficiently train and/or supervise its employees, joint venturers, agents, and apparent agents, including John Doe and others involved, to ensure their compliance with existing policies and procedures as mentioned above to ensure the safe transportation of passengers, such as MRS. LONERGAN;

i. Failed to proficiently train and/or supervise its employees, joint venturers, agents, and apparent agents, including John Doe and others involves, to ensure their compliance with applicable state statutes, regulations, ordinances, rules and/or codes as mentioned above to ensure the safe transportation of passengers, such as MRS. LONERGAN; and

j.  Other acts of negligence which discovery might reveal.

43. As a direct and proximate result of Defendant, G.A.T.'s or that of its employees, agents, or apparent agents' negligence, ELIZABETH M. LONERGAN was dropped to the ground, fracturing her right femur causing her death, and the following damages have occurred:

a. MR. LONERGAN lost the value of future support and services from the date of MRS. LONERGAN'S death;

b. MR. LONERGAN lost the companionship of his wife, will suffer mental pain and suffering from the moment of her death, and will suffer such losses and damages for the rest of his life;

c. The ESTATE OF ELIZABETH M. LONERGAN has incurred funeral and medical expenses; and

d. The ESTATE OF ELIZABETH M. LONERGAN has lost the prospective net accumulations and other economic losses as discovery may reveal, which might reasonably had been expected, but for MRS. LONERGAN'S untimely death.

WHEREFORE, the Plaintiff, MICHAEL J. LONERGAN, individually and as Personal Representative of the ESTATE OF ELIZABETH M. LONERGAN, demands judgment for all damages allowed by law in excess of $75,000.00, against the G.A.T., together with interest, costs, and any and all other relief this Court deems appropriate, and a trial by jury of all issues so triable as of right by a jury.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

## COUNT III
## VICARIOUS LIABILITY (DELTA AIR LINES, INC.)

44.     The allegations set forth in paragraphs 1 through 32 are incorporated in this Count by reference.

45.     DELTA has a duty pursuant to 14 C.F.R. § 382.141 to provide training to all personnel involved in providing boarding and deplaning assistance consistent with procedures that safeguard the safety and dignity of passengers.

46.     At all times material hereto, Defendant, G.A.T., was hired by or contracted by Defendant, DELTA, to perform on its behalf general customer and passenger assistance, including, but not limited to, wheelchair service for the enplaning and deplaning of disabled passengers.

47.     At all times material hereto, Defendant, G.A.T., who had and undertook the duty to exercise reasonable care for the safety of ELIZABETH M. LONERGAN, was the employee, joint venturer, agent, servant, and/or apparent agent of Defendant, DELTA, and was acting on its behalf and within the course and scope of its employment or agency and under its control.

48.     Therefore, Defendant, DELTA, is vicariously liable for the negligence of Defendant, G.A.T., as set forth in Count II.

49.     In addition, DELTA is vicariously liable for the acts of John Doe. On information and belief, John Doe is one or more of the following:

   a.   DELTA's employee;

    b. The employee of G.A.T. acting in the course and scope of a joint venture between G.A.T. and DELTA;

    c. The employee of G.A.T. performing services for DELTA at DELTA's request, in course and scope of his duties under the G.A.T. and DELTA contract for G.A.T. to provide wheelchair services for DELTA's customers, and under DELTA's control;

    d. A person who DELTA held out to Mrs. and Mr. Lonergan as its agent for providing the wheelchair assistance Mrs. and Mr. Lonergan requested, a representation upon which Mrs. and Mr. Lonergan relied by accepting John Doe's assistance, to her detriment.

50. Finally, DELTA is vicariously liable for the negligent acts of the DELTA uniformed employees who were handling Mrs. Lonergan, alongside John Doe, after she arrived at the aircraft's entry door.

51. The uniformed DELTA employees had a duty to handle Mrs. Lonergan's safely, to brace her during the seating process, and to ensure that she did not fall.

52. The uniformed DELTA employees breached these duties when they permitted Mrs. Lonergan to fall.

53. As a direct and proximate result of the acts described above, ELIZABETH M. LONERGAN was dropped to the ground, fracturing her right femur causing her death, and the following damages have occurred:

    a. MR. LONERGAN lost the value of future support and services from the date of MRS. LONERGAN'S death;

    b. MR. LONERGAN lost the companionship of his wife, will suffer mental pain and suffering from the moment of her death, and will suffer such losses and damages for the rest of his life;

    c. The ESTATE OF ELIZABETH M. LONERGAN has incurred funeral and medical expenses; and

    d. The ESTATE OF ELIZABETH M. LONERGAN has lost the prospective net accumulations and other economic losses as discovery may reveal, which might reasonably had been expected, but for MRS. LONERGAN'S untimely death.

WHEREFORE, the Plaintiff, MICHAEL J. LONERGAN, individually and as Personal Representative of the ESTATE OF ELIZABETH M. LONERGAN, demands judgment for all damages allowed by law in excess of $75,000.00, against the DELTA, together with interest, costs, and any and all other relief this Court deems appropriate, and a trial by jury of all issues so triable as of right by a jury.

## COUNT IV
## VICARIOUS LIABILITY (G.A.T. AIRLINE GROUND SUPPORT, INC.)

54. The allegations set forth in paragraphs 1 through 32 are incorporated in this Count by reference.

55. At all times material hereto, Defendant, G.A.T., was hired by or contracted by Defendant, DELTA, to perform on its behalf general customer and passenger assistance, including, but not limited to, wheelchair service for the enplaning and deplaning of disabled passengers.

56. Accordingly, at all times material hereto, Defendant, G.A.T., had a duty to exercise reasonable care for the safety of ELIZABETH M. LONERGAN.

57. On information and belief, John Doe is the employee of G.A.T., who was acting in the course and scope of his employment when he negligently dropped Mrs. Lonergan to the ground, causing her fatal hip injury.

58. G.A.T. is therefore vicariously liable for John Doe's negligence.

59. As a direct and proximate result of John Doe's negligence, the following damages have occurred:

   a. MR. LONERGAN lost the value of future support and services from the date of MRS. LONERGAN'S death;

   b. MR. LONERGAN lost the companionship of his wife, will suffer mental pain and suffering from the moment of her death, and will suffer such losses and damages for the rest of his life;

   c. The ESTATE OF ELIZABETH M. LONERGAN has incurred funeral and medical expenses; and

   d. The ESTATE OF ELIZABETH M. LONERGAN has lost the prospective net accumulations and other economic losses as discovery may reveal, which might reasonably had been expected, but for MRS. LONERGAN'S untimely death.

WHEREFORE, the Plaintiff, MICHAEL J. LONERGAN, individually and as Personal Representative of the ESTATE OF ELIZABETH M. LONERGAN, demands judgment for all damages allowed by law in excess of $75,000.00, against the

G.A.T., together with interest, costs, and any and all other relief this Court deems appropriate, and a trial by jury of all issues so triable as of right by a jury.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing document was electronically filed via the Florida Courts E-Filing Portal, this 28th day of April, 2021.

*s/JOSEPH J. KALBAC, JR*.
JOSEPH J. KALBAC, JR.
Florida Bar No. 628270
jkalbac@colson.com
DENISE H. GEORGES
Florida Bar No. 55861
denise@colson.com
Secondary E-mail: nicky@colson.com; eservice@colson.com;
COLSON HICKS EIDSON
Attorneys for the Plaintiffs
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444